IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

RICKY S. RICE,                        §
                                      §
            Plaintiff,                §
                                      §
v.                                    §        CIVIL ACTION NO. H-06-0852
                                      §
JASON WITT and MARGARET LALK,         §
                                      §
            Defendants.               §

**MEMORANDUM OPINION AND ORDER**

Plaintiff, Ricky S. Rice, filed his Original Complaint in this action on March 14, 2006 (Docket Entry No. 1), seeking damages from Bryan Police Detective Jason Witt and Assistant Brazos County District Attorney Margaret Lalk, in their individual and official capacities, under 42 U.S.C. § 1983 for violation of civil rights guaranteed by the Fourth and Fourteenth Amendments to the United States Constitution.  By Order entered on May 25, 2006 (Docket Entry No. 19), the court granted Plaintiff's Motion for Leave to Amend Plaintiff's Original Complaint (Docket Entry No. 17), and the Clerk docketed plaintiff's First Amended Original Complaint (Docket Entry No. 20).  Pending before the court are Defendant Detective Jason Witt's Rule 12(b) Motion to Dismiss (Docket Entry No. 6), Defendant Margaret Lalk's Motion to Compel Rule 7(a) Reply and to Stay Discovery (Docket Entry No. 24), Plaintiff's Motion for Leave to Amend Plaintiff's First Amended Original Complaint (Docket Entry No. 25), and Defendant Detective

Jason Witt's Motion for Protection from Discovery (Docket Entry No. 27).  For the reasons explained below Witt's motion to dismiss will be denied, Lalk's motion to compel will be granted, Witt's motion to stay discovery will be denied, plaintiff's motion to amend will be granted in part and denied in part, and plaintiff will be ordered to respond to defendants' assertions of absolute and/or qualified immunity by filing an amended complaint within twenty (20) days.

## I.  Plaintiff's Factual Allegations

In his Original Complaint plaintiff alleged that on or about July 13, 2005, Witt executed an affidavit entitled "Probable Cause Statement" in which he swore that he had

> good reason to believe that in Brazos County, Texas, [plaintiff] . . . on or about March 23, 2005 . . . unlawfully signed a joint statement required by Tax Code Section 152.062 or a certificate required by Tax Code Section 159.092(b) . . . [knowing] that it was false in any material fact to wit: the actual price paid for the vehicle was $1,000 more than listed on Form-130-U,[1]

knowing that plaintiff had not signed such form.[2]  Plaintiff alleged that based on the false affidavit a magistrate issued a warrant for plaintiff's arrest, and on July 25, 2006, plaintiff surrendered to the Sheriff of Brazos County, Texas, and was promptly incarcerated in the Brazos County Jail.  Plaintiff alleged

---

[1]Plaintiff's Original Complaint, Docket Entry No. 1, p. 2 ¶ 9.

[2]Id.

that his incarceration was a wrongful "seizure" in violation of the
Fourth Amendment to the United States Constitution made applicable
to state actions by the Fourteenth Amendment.[3]  Plaintiff alleged
that Lalk "conspired with and assisted . . . Witt in preparing such
false affidavit" by advising and directing Witt "with regard to the
wording of such false affidavit, while knowing that Plaintiff had
not in fact signed the Form-130-U in question."[4]  Plaintiff alleged
that "[t]he actions of the [d]efendants . . . were done with a
malicious intent to injure the Plaintiff or in the alternative,
were done with a reckless or callous indifference to the
constitutional rights of the Plaintiff."[5]  Plaintiff alleged that

> [a]s a proximate result of the conduct of the
> [d]efendants in depriving [him] of his constitutional
> rights under the Fourth and Fourteenth Amendments to the
> U.S. Constitution . . . it became necessary for [him] to
> hire legal counsel to defend himself from the false
> criminal charges filed against [him] and to bring a
> termination of the unconstitutional seizure of his
> person.[6]

Plaintiff sought to recover "the reasonable attorney's fees
incurred by him in defending himself and bringing a termination to
the unconstitutional seizure of his person,"[7] loss of income caused

---

[3]Id. at p. 3 ¶ 10.

[4]Id. at p. 3 ¶ 11.

[5]Id. at p. 4 ¶ 17.

[6]Id. at p. 3 ¶ 12.  See also First Amended Original Complaint,
Docket Entry No. 20, p. 4 ¶ 17.

[7]Plaintiff's Original Complaint, Docket Entry No. 1, p. 3
¶ 12.

by his inability to obtain a bond from an insurance company, which is required for his employment in the automobile business, and damages for emotional distress and mental anguish.[8]

Plaintiff's First Amended Original Complaint (Docket Entry No. 20), names as additional defendants Michael L. Strope, the Chief of Police of the Police Department of the City of Bryan, Texas, and the City of Bryan, Texas.   In addition to the allegations asserted in his Original Complaint, plaintiff alleges that

> [d]efendant Strope became aware of the fact that Defendant Witt had obtained a warrant for the arrest of the plaintiff based on . . . [a] false affidavit[, and that i]n spite of such knowledge Defendant Strope approved and ratified such action.   Additionally, Defendant Strope, with reckless indifference to the constitutional rights of Plaintiff, failed to take steps to withdraw such unconstitutional warrant for Plaintiff's arrest, thereby causing the injury claimed by the Plaintiff in this Complaint.[9]

Plaintiff also alleges that when he tried to file a complaint against Witt for committing perjury by signing a false affidavit that was used in a judicial proceeding, the police department responded that the complaint was totally without merit, and that the City of Bryan has no ordinances establishing policy with respect to the use of probable cause affidavits for the purpose of obtaining an arrest warrant, and that because neither the Mayor,

---

[8]Id. at pp. 3-4 ¶¶ 13-14.

[9]First Amended Original Complaint, Docket Entry No. 20, pp. 3-4 ¶ 14.

City Council, nor the City Manager review the Chief of Police's policy decisions in this area, the Chief of Police is the final policymaking authority "by custom or usage."[10]

In the Second Amended Original Complaint that plaintiff seeks leave to file (Docket Entry No. 25-2), plaintiff names Freddie Komar, Assistant Chief of Police of the Bryan, Texas, Police Department, as an additional defendant. Plaintiff alleges that Komar "approved and sanctioned the use of a false affidavit to obtain the warrant for the arrest and ultimately the arrest of the plaintiff without probable cause."[11] Plaintiff also seeks to allege that "Defendant Lalk either actually prepared such false affidavit knowing that it was false or prepared such false affidavit with a reckless disregard for its truthfulness,"[12] and that "it is the policy of the City of Bryan, Texas to fail to provide its detectives with adequate training."[13]

## II.  **Applicable Law**

Citing 42 U.S.C. § 1983, plaintiff alleges that defendants knowingly and intentionally violated rights guaranteed to him by the Fourth and Fourteenth Amendments to the United States

---

[10]Id. at p. 4 ¶ 16.

[11]Plaintiff's Motion for Leave to Amend Plaintiff's First Amended Original Complaint, Docket Entry No. 25, p. 2 ¶ 4a.

[12]Id. at ¶ 4b.

[13]Id. at ¶ 4c.

-5-

Constitution by executing a false probable cause affidavit that wrongfully caused a warrant to be issued for his arrest and wrongfully caused him to be arrested and incarcerated.  Each of the individual defendants assert that they are entitled to absolute and/or qualified immunity from suit in their individual capacities.[14]

    1.   <u>Section 1983</u>

    "Section 1983 creates a private right of action for redressing the violation of federal law by those acting under color of state law.  It is not itself a source of substantive rights, but merely provides a method for vindicating federal rights conferred elsewhere."  <u>Colson v. Grohman</u>, 174 F.3d 498, 504 n.2 (5th Cir. 1999) (citing <u>Albright v. Oliver</u>, 114 S.Ct. 807 (1994)).

> Section 1983 provides that any person who, under color of state law, deprives another of any rights, privileges or immunities secured by the Constitution and laws shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . 'Rather than creating substantive rights, § 1983 simply provides a remedy for the rights that it designates.' 'Thus, an underlying constitutional or statutory violation is a predicate to liability under § 1983.'

<u>Harrington v. Harris</u>, 118 F.3d 359, 365 (5th Cir.), <u>cert. denied</u>, 118 S.Ct. 603 (1997) (citation omitted).  A complaint under § 1983

---

[14]See Rule 12(b) Motion to Dismiss and Brief in Support by Jason Witt, Docket Entry No. 6; Answer to Plaintiff's First Amended Original Complaint with Jury Demand by Margaret Lalk, Docket Entry No. 22, p. 4; Defendant Margaret Lalk's Motion to Compel Rule 7(a) Reply and to Stay Discovery, Docket Entry No. 24; Original Answer to Plaintiff's First Amended Original Complaint and jury demand by Michael L. Strope, City of Bryan, Texas, Docket Entry No. 28, p. 4.

must allege that the act complained of occurred under color of
state law and that the complaining party was deprived of a right
guaranteed by the Constitution or laws of the United States.
Parratt v. Taylor, 101 S.Ct. 1908, 1913 (1981), overruled on other
grounds, Daniels v. Williams, 106 S.Ct. 662 (1986); Piotrowski v.
City of Houston, 51 F.3d 512, 515 (5th Cir. 1995).   A complaint
under § 1983 must also allege that the constitutional or statutory
deprivation was intentional or due to deliberate indifference and
not the result of mere negligence.   See Farmer v. Brennan, 114
S.Ct. 1970 (1994).

        2.   Substantive Law

    In Malley v. Briggs, 106 S.Ct. 1092 (1986), the Supreme Court
held that a police officer may be held liable in his individual
capacity for filing an application for an arrest warrant without
probable cause.   See also Michalik v. Hermann, 422 F.3d 252, 259-
260 (5th Cir. 2005).   In Malley the officer in charge of the
investigation presented criminal complaints to the state judge
charging the defendants with felony marijuana possession.   The
complaints were accompanied by supporting affidavits signed by the
officer and by unsigned arrest warrants for the judge's signature.
106 S.Ct. at 1094.   On the basis of the complaints and affidavits
the judge signed and issued the warrants.   Id.   The defendants were
arrested, but the charges were subsequently dropped when the grand
jury to which the case was presented did not return an indictment.

                            -7-

_Id._ at 1094-1095.  The defendants then brought a § 1983 claim against the affiant officer charging that he violated their Fourth and Fourteenth Amendment rights by applying for warrants without a showing of probable cause.  _Id._ at 1095.  The officer argued that he was entitled to absolute and/or qualified immunity from suit because the state court judge had approved, executed, and issued the warrants, exonerating the officer from further liability.  _Id._ at 1095.  The Court explained that the specific and narrow issue accepted for review was

> the degree of immunity accorded a defendant police officer in a damages action under 42 U.S.C. § 1983 when it is alleged that the officer caused the plaintiffs to be unconstitutionally arrested by presenting a judge with a complaint and a supporting affidavit which failed to establish probable cause.

_Id._ at 1094.  The Court explained that an officer who applies for a search warrant may be entitled to qualified immunity if his actions are objectively reasonable.  _Id._ at 1096.  The Court also explained that "[d]efendants will not be immune if, on an objective basis, it is obvious that no reasonably competent officer would have concluded that a warrant should issue; but if officers of reasonable competence could disagree on this issue, immunity should be recognized."  _Id._

Although _Malley_ involved an officer who actually applied for the warrant, the Fifth Circuit has concluded that "[t]he principles enunciated in _Malley_ apply not only to those officers who sign and present the warrant to the issuing judge but also to those officers who prepare the warrant application."  _Michalik_, 422 F.3d at 259

-8-

(citing <u>Bennett</u>, 883 F.3d at 400).  Moreover, it is well settled that if facts supporting an arrest are placed before an independent intermediary such as a magistrate or grand jury, the intermediary's decision breaks the chain of causation for false arrest, insulating the initiating party unless the initiating party acted unreasonably such that the initiating party's unreasonable actions were the proximate cause of the injuries at issue. See <u>Smith v. Gonzales</u>, 670 F.2d 522 (5th Cir. 1982), <u>Hand v. Gary</u>, 838 F.2d 1420 (5th Cir. 1988), and <u>Murray v. Earle</u>, 405 F.3d 278, 285 (5th Cir. 2005) (reaffirming that the "breaks the chain of causation" principle is governing law in this circuit).

Thus, to state a claim against the defendants named in this action related to procurement of an arrest warrant, and to overcome the defendants' assertions of qualified immunity, plaintiff must allege facts that if proved would establish not only that defendants knowingly included false information in the probable cause affidavit in order to secure an arrest warrant, but that the probable cause affidavit did not otherwise contain indicia of probable cause, and that the chain of causation was not broken by the magistrate who issued the arrest warrant. See <u>Michalik</u>, 422 F.3d at 258 & n.5. Moreover, defendants will be entitled to qualified immunity from plaintiff's claims unless reasonably well-trained officials in their respective positions would have known that the affidavit failed to establish probable cause and should not have been submitted in support of an application for an arrest warrant. See <u>Malley</u>, 106 S.Ct. at 1098.  See also <u>Freeman</u>

v. County of Bexar, 210 F.3d 550, 553 (5th Cir.), cert. denied, 121 S.Ct. 318 (2000).

### III.   Motion to Compel Rule 7(a) Reply

Asserting that as a public official she is entitled to qualified immunity from the claims that plaintiff has asserted against her in this action and that plaintiff has failed to allege any specific facts tailored to the issue of qualified immunity, Lalk moves the court to compel a Rule 7(a) reply to her assertion of qualified immunity and to stay discovery.[15]

### A.   Standard of Review

Federal Rule of Civil Procedure 7(a) provides that "[t]here shall be a complaint and an answer; a reply to a counterclaim denominated as such . . . No other pleading shall be allowed, except that the court may order a reply to an answer . . ." Fed. R. Civ. P. 7(a).  Although a plaintiff's complaint need only be a short and plain statement giving the defendants notice of the claim and the grounds on which it rests, the Fifth Circuit applies a heightened pleading standard for claims asserted against public officials under § 1983.  Elliott v. Perez, 751 F.2d 1472 (5th Cir. 1985).   See also Leatherman v. Tarrant County Narcotics Intelligence and Coordination Unit, 113 S.Ct. 1160 (1993).   In Schultea v. Wood, 47 F.3d 1427 (5th Cir. 1995) (en banc), the Fifth Circuit held:

---

[15]Defendant Margaret Lalk's Motion to Compel Rule 7(a) Reply and to Stay Discovery, Docket Entry No. 24.

> When a public official pleads the affirmative defense of
> qualified immunity in his answer, the district court may,
> on the official's motion or on its own, require the
> plaintiff to reply to that defense in detail.   By
> definition, the reply must be tailored to the assertion
> of qualified immunity and fairly engage its allegations.

47 F.3d at 1433.   See also Baker v. Putnal, 75 F.3d 190, 195 (5th

Cir. 1996) (plaintiff must respond to assertion of qualified

immunity by articulating "specific conduct and actions giving rise

to a constitutional violation").   While the Schultea holding

requires plaintiffs to respond in detail to a public defendant's

assertion of qualified immunity, it did not limit the procedural

manner in which such responses could be made.

**B.   Applicable Law**

The individual defendants are government officials who may be

sued in their official and/or their individual capacities.   Hafer

v. Melo, 112 S.Ct. 358 (1991); Kentucky v. Graham, 105 S.Ct. 3099

(1985).   Plaintiff's live complaint states that Witt, Lalk, and

Strope are sued

> in both their individual and official capacities.  At all
> time material to this complaint Defendant Witt, was a
> police officer employed by the police department of the
> City of Bryan, Texas, Defendant Lalk, was an assistance
> district attorney in and for Brazos County, Texas, and
> Defendant Strope was the Chief of Police of the Police
> Department of the City of Bryan, Texas.[16]

The complaint that plaintiff seeks leave to file similarly attempts

to sue all the individually named defendants as well as the newly

---

[16]First Amended Original Complaint, Docket Entry No. 20, p. 2
¶ 9.

named defendant, Freddie Komar, in both their individual and official capacities.[17]

Public officials sued in their individual capacities under § 1983 are shielded from suit by the doctrine of qualified immunity unless their conduct violated clearly established statutory or constitutional rights of which a reasonable person should have known. Anderson v. Creighton, 107 S.Ct. 3034, 3038 (1987); Harlow v. Fitzgerald, 102 S.Ct. 2727, 2738 (1982). The doctrine of qualified immunity was created to balance the interest of compensating persons whose federally protected rights have been violated against the fear that personal liability might inhibit public officials in the discharge of their duties. See Johnston v. City of Houston, Texas, 14 F.3d 1056, 1059 (5th Cir. 1994). "Qualified immunity has therefore been recognized to protect 'all but the plainly incompetent or those who knowingly violate the law.'" Id. (citing Malley v. Briggs, 106 S.Ct. 1092, 1096 (1986)). "Qualified immunity protects a police officer from liability if a reasonabl[y] competent law enforcement officer would not have known that his actions violated clearly established law." Harper v. Harris County, Tex., 21 F.3d 597, 600 (5th Cir. 1994) (citing Anderson, 107 S.Ct. at 3038). "The objective reasonableness of the officer's conduct is measured with reference to the law as it

---

[17]See plaintiff's proposed Second Amended Original Complaint attached to Plaintiff's Motion for Leave to Amend Plaintiff's First Amended Original Complaint, Docket Entry No. 25, p. 2 ¶ 10.

existed at the time of the conduct in question." Id. (citing
Anderson, 107 S.Ct. at 3038). "Therefore, the right the official
is alleged to have violated must have been [so] clearly established
at the time of the occurrence" that "a reasonable official would
understand that what he is doing violates that right." Id. (citing
Anderson, 107 S.Ct. at 3039). "A right is clearly established if
its contours are 'sufficiently clear that a reasonable official
would understand that what he is doing violates that right."
Michalik v. Hermann, 422 F.3d 252, 258 (5th Cir. 2005) (quoting
Wooley v. City of Baton Rouge, 211 F.3d 913, 919 (5th Cir. 2000),
and Anderson, 107 S.Ct. at 3039). The plaintiff bears the burden
of proving that a government official is not entitled to qualified
immunity. Id. (citing Bennett v. City of Grand Prairie, Texas, 883
F.2d 400, 408 (5th Cir. 1989)).

**C.  Analysis**

    1.  Witt and Lalk

In his Original Complaint plaintiff alleged that on or about
July 13, 2005, Witt executed an affidavit entitled "Probable Cause
Statement" in which he swore that he had

> good reason to believe that in Brazos County, Texas,
> [plaintiff] . . . on or about March 23, 2005 . . .
> unlawfully signed a joint statement required by Tax Code
> Section 152.062 or a certificate required by Tax Code
> Section 159.092(b) . . . [knowing] that it was false in
> any material fact to wit: the actual price paid for the
> vehicle was $1,000 more than listed on Form-130-U,[18]

---

[18]Plaintiff's Original Complaint, Docket Entry No. 1, p. 2 ¶ 9.

knowing that plaintiff had not signed such form.[19]   Plaintiff
alleged that defendant Lalk "conspired with and assisted . . . Witt
in preparing such false affidavit" by advising and directing Witt
"with regard to the wording of such false affidavit, while knowing
that Plaintiff had not in fact signed the Form-130-U in question."[20]
According to the factual allegations asserted against Witt and
Lalk, the probable cause affidavit was false because it stated that
plaintiff had signed the Form U-130 when, in fact, he had not
signed the Forum U-130.   These allegations are repeated in
plaintiff's First Amended Original Complaint (Docket Entry No. 20)
at p. 3 ¶¶ 11 and 12.

    Plaintiff fails, however, to allege facts that if proved would
show that when Witt prepared and Lalk assisted Witt in preparing
the affidavit either of them had seen the Form U-130, or otherwise
knew that it had not been signed by the plaintiff, that the
probable cause affidavit did not faithfully report the information
provided by the complaining witness, or that absent the statement
that plaintiff had signed the Form U-130, the affidavit lacked
indicia of probable cause.   Nor has plaintiff alleged that Witt and
Lalk withheld the Form U-130 or any other material information from
the magistrate who made the decision to issue the warrant for
plaintiff's arrest.   Moreover, plaintiff has failed to allege any

---

[19]<u>Id.</u>

[20]<u>Id.</u> at p. 3 ¶ 11.

facts that if proved would establish that defendants are not entitled to qualified immunity from his claims because a reasonably well-trained detective or assistant district attorney would have known that absent the allegedly false statement regarding plaintiff's signature on the Forum U-130, the probable cause affidavit would not have included indicia of probable cause sufficient to support the issuance of a warrant for his arrest. See Malley, 106 S.Ct. at 1098.

Because plaintiff bears the burden of showing that Witt and Lalk are not entitled to qualified immunity, the court concludes that plaintiff should reply to their assertions of immunity from suit by pleading facts that if proved would show that they are not entitled to qualified immunity. See Shultea, 47 F.3d at 1433 ("When a public official pleads the affirmative defense of qualified immunity in his answer, the district court may, on the official's motion or on its own, require the plaintiff to reply to that defense in detail. By definition, the reply must be tailored to the assertion of qualified immunity and fairly engage its allegations.").

### 2.   Strope and Komar

Supervisory officials may be held liable in § 1983 actions only if (1) they affirmatively participated in the acts that caused a deprivation of plaintiff's constitutional rights, or (2) they implemented unconstitutional policies that caused plaintiff's

injury.  Monell v. Department of Social Services of the City of New York, 98 S.Ct. 2018, 2037 (1978) (no respondeat superior liability in § 1983 actions); Thompson v. Steele, 709 F.2d 381, 382 (5th Cir. 1983) (liability under § 1983 requires personal involvement).  "There is no vicarious or respondeat superior liability of supervisors under § 1983." Rios v. City of Del Rio, Texas, 444 F.3d 417, 425 (5th Cir. 2006) (citing Thompkins v. Belt, 828 F.2d 298, 303-304 (5th Cir. 1987)).  "Rather, a plaintiff must show either the supervisor personally was involved in the constitutional violation or that there is a 'sufficient causal connection' between the supervisor's conduct and the constitutional violation." Id.  Plaintiff has neither alleged nor attempted to allege that either Police Chief Strope or Assistant Police Chief Komar was personally involved in preparing the probable cause affidavit that allegedly caused his injuries.  Instead, plaintiff has alleged that Strope approved and ratified Witt's actions, and although he seeks leave to add Komar as a defendant, his proposed Second Amended Complaint does not describe Komar's personal involvement in the acts of which he complains.  Since like Lalk and Witt, Strope and Komar are public officials entitled to qualified immunity for the claims that plaintiff is attempting to assert against them in their individual capacities, they too are entitled to factually specific pleadings regarding the wrongs that they are alleged to have committed and the damages that they are alleged to

-16-

have caused.  See Lynch v. Cannatella, 810 F.2d 1363, 1377 (1987)
(an individual defendant is entitled to a specific recital of the
wrongs he is alleged to have personally perpetrated on the
plaintiff).

Plaintiff's allegations fail to state claims against Strope
and Komar for yet another separate and independent reason.  The
Fifth Circuit has frequently held that supervisory liability under
§ 1983 requires a showing of the supervisor's "deliberate
indifference to the known or obvious fact that such constitutional
violations would result" and deliberate indifference "'generally
requires that a plaintiff demonstrate at least a pattern of similar
violations.'"   Johnson v. Deep East Texas Regional Narcotics
Trafficking Task Force, 379 F.3d 293, 309 (5th Cir. 2004) (quoting
Burge v. St. Tammany Parish, 336 F.3d 363, 370 (5th Cir. 2003),
cert. denied, 124 S.Ct. 1074 (2004)).  See also  Estate of Davis v.
City of North Richland Hills, 406 F.3d 375, 381 (5th Cir. 2005).
Plaintiff's First Amended Original Complaint and proposed Second
Amended Original Complaint contain no allegation of any prior
incident in which Witt or any other City of Bryan, Texas, detective
or police officer knowingly executed a false probable cause
affidavit.  Nor is any fact alleged that would tend to indicate
that either Strope or Komar was aware of any such wrongdoing, or
that they otherwise had the deliberate indifference necessary for
supervisory liability.

-17-

## D.   Conclusions

For the reasons explained above the court concludes that plaintiff has failed to allege facts that if proved would overcome the immunity defenses asserted by each of the individual defendants.  Accordingly, the court concludes that Lalk's motion to compel should be granted, and that plaintiff should be ordered to file an amended complaint alleging facts that if proved would overcome not only Lalk's assertion of qualified immunity, but the assertions of immunity that have been made by the individual defendants already sued in this action and reasonably expected to be made by Assistant Police Chief Komar, the defendant whom plaintiff seeks to add in this action.

## IV.   **Motion to Dismiss**

Witt moves the court to dismiss all of plaintiff's claims in their entirety under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim for which relief may be granted.[21]

## A.   Standard of Review

A Rule 12(b)(6) motion to dismiss for failure to state a claim for which relief may be granted tests the formal sufficiency of the pleadings and is "appropriate when a defendant attacks the complaint because it fails to state a legally cognizable claim."

---

[21]Defendant Detective Jason Witt's Rule 12(b) Motion to Dismiss and Brief in Support, Docket Entry No. 6, and Defendant Detective Jason Witt's Motion for Protection from Discovery, Docket Entry No. 27.

Ramming v. United States, 281 F.3d 158, 161 (5th Cir. 2001), cert. denied sub nom, Cloud v. United States, 122 S.Ct. 2665 (2002).  The court must accept the factual allegations of the complaint as true, view them in a light most favorable to the plaintiff, and draw all reasonable inferences in the plaintiff's favor.  Id.

> When a federal court reviews the sufficiency of a complaint, before the reception of any evidence either by affidavit or admissions, its task is necessarily a limited one.  The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims.

Swierkiewicz v. Sorema N.A., 122 S.Ct. 992, 997 (2002) (quoting Scheuer v. Rhodes, 94 S.Ct. 1683, 1686 (1974)).  "[A] court may dismiss a complaint only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations."  Id. at 998.  See also Conley v. Gibson, 78 S.Ct. 99, 102 (1957) ("[A] complaint should not be dismissed . . . unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.").

**B.   Analysis**

    1.   Younger and Heck

    Citing Younger v. Harris, 91 S.Ct. 746 (1971), and Heck v. Humphrey, 114 S.Ct. 2364 (1994), Witt argues that all of the claims that plaintiff has asserted against him in this action should be dismissed because plaintiff's claims arise from events leading to his criminal prosecution in state court and are closely related to claims that plaintiff has already asserted against Witt in a state

court civil action and because the principles of federalism established by the Supreme Court in Younger and Heck preclude federal courts from interfering in state court actions. Plaintiff responds that the claims he has asserted in this action should not be dismissed under either Younger or Heck because "[t]he claims stated in [his] complaint . . . challenge the lawfulness of his arrest and the pre-trial limits on his liberty,"[22] and because success on the merits of the claims asserted in this action will neither bar his prosecution nor provide a defense to the criminal charges pending against him in state court.

Under Younger federal courts are precluded from granting injunctive relief based on constitutional challenges to state criminal prosecutions that are pending when the federal action is instituted. 91 S.Ct. at 755. The same prohibition also applies to suits for declaratory relief. See Samuels v. Mackell, 91 S.Ct. 764, 768 (1971). Under Heck when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated. Heck, 114 S.Ct. at 2364. Because plaintiff is not seeking injunctive or declaratory relief

---

[22]Plaintiff's Response to Defendant Detective Jason Witt's Rule 12(b) Motion to Dismiss and Brief in Support, Docket Entry No. 14, p. 4 ¶ 6.

in this action, and because plaintiff has not been convicted, the court is not persuaded that this action is subject to dismissal under either <u>Younger</u> or <u>Heck</u>.  Nevertheless, since for the reasons stated above the court has concluded that plaintiff has failed to allege facts sufficient to overcome the individual defendants' assertions of immunity, and the court has already concluded that plaintiff should be ordered to amend his complaint, the court will consider whether plaintiff's allegations are sufficient to state a claim against Witt or any of the other defendants in their official capacities.

### 2.   <u>Official Capacity Claims</u>

A suit against a government official in his official capacity is the same as a suit against the entity the employee represents. <u>Graham</u>, 105 S.Ct. at 3105.  <u>See also</u> <u>Woodard v. Andrus</u>, 419 F.3d 348, 352 (5th Cir. 2005) (citing <u>Monell</u>, 98 S.Ct. at 2035 & n.55. Thus, any claims that the plaintiff is attempting to assert against the defendants in their official capacities are actually claims asserted against their respective employers, the City of Bryan, Texas (Witt and Strope), and Brazos County, Texas (Lalk).  Since the City of Bryan, Texas, is also named as a defendant in this action, the court concludes that any claims that plaintiff is attempting to assert against Witt and Strope in their official capacities are subject to dismissal because the City of Bryan, Texas, is the real party in interest.

Although unlike the individual defendants, the local governments are not entitled to assert immunity-based defenses, local governments cannot be held vicariously liable under § 1983 for the constitutional torts of their employees or agents, and to state a claim for a constitutional violation against the City of Bryan, Texas, or Brazos County, Texas, plaintiff must allege facts that if proved would establish that the constitutional offense was caused by an official policy or custom of the local government defendant. See Woodard, 419 F.3d at 352; Monell, 98 S.Ct. at 2037. "[A] government's liability is not confined to laws or actions that have been given formal approval through an entity's policymaking channels." Id. A policy or custom becomes official for purposes of § 1983 when it results from the decision or acquiescence of the municipal officer or body with "final policymaking authority" over the subject matter of the offending policy. Gros v. City of Grand Prairie, Texas, 181 F.3d 613, 615 (5th Cir. 1999). "[T]he unconstitutional conduct must be directly attributable to the municipality through some sort of official action or imprimatur; isolated unconstitutional actions by municipal employees will almost never trigger liability." Piotrowski v. City of Houston, 237 F.3d 567, 578 (5th Cir. 2001), cert. denied, 122 S.Ct. 53 (2001). Thus, "a policymaker, an official policy, and the 'moving force' of the policy are necessary to distinguish individual violations perpetrated by local government employees from those

that can be fairly identified as actions of the government itself."
Id. "Mistakes in analyzing section 1983 municipal liability cases frequently begin with a failure to separate the three attribution principles and to consider each in light of relevant case law."
Id.

A careful reading of the complaints filed in this action reveals that plaintiff does not specifically identify a policymaker, an official policy, or the moving force of the policy necessary to impose liability on either the City of Bryan, Texas, or Brazos County, Texas, for the issuance of an arrest warrant without probable cause in violation of the Fourth and Fourteenth Amendments.  Absent these allegations plaintiff can prove no set of facts in support of his Fourth and Fourteenth Amendment claims that would entitle him to relief against Witt or any of the other defendants that he seeks to sue in their official capacities, or against their local government employers, the City of Bryan, Texas, and/or Brazos County, Texas.

**C.   Conclusions**

For the reasons explained above the court is not persuaded that the claims that plaintiff has alleged against Witt are subject to dismissal under the Supreme Court's decisions in either Younger, 91 S.Ct. at 746, or Heck, 114 S.Ct. at 2364.  Neither is the court persuaded, however, that the facts alleged in either plaintiff's live complaint or in the second amended complaint that he seeks to

-23-

file are sufficient to state a claim against any of the named
defendants.  Since, however, the court is not yet persuaded that
plaintiff will be unable to plead facts that are capable of stating
a claim against the defendants named in this action, and/or their
local government employers, and since plaintiff seeks leave to
amend his pleadings, the court concludes that plaintiff should be
allowed to amend his pleadings but that the proposed second amended
complaint attached to plaintiff's pending motion for leave to amend
should not be filed.   Accordingly, Witt's motion to dismiss will
be denied without prejudice to refiling once plaintiff has filed a
second amended complaint, and plaintiff's motion for leave to amend
will be granted in part and denied in part.  Although Witt has also
moved for protection from discovery on grounds that the qualified
immunity to which he argues he is entitled is immunity from suit
and not just immunity from liability since Witt does not contend
that plaintiff has sought or is seeking discovery, the court
concludes that Witt's motion for protection from discovery should
be denied as premature.

## V.  Conclusions and Order

For the reasons explained above, Defendant Detective Jason
Witt's Rule 12(b) Motion to Dismiss (Docket Entry No. 6) is **DENIED**,
Defendant Margaret Lalk's Motion to Compel Rule 7(a) Reply and to
Stay Discovery (Docket Entry No. 24) is **GRANTED**, Plaintiff's Motion
for Leave to Amend Plaintiff's First Amended Original Complaint

(Docket Entry No. 25) is **GRANTED IN PART** and **DENIED IN PART**, and Defendant Detective Jason Witt's Motion for Protection from Discovery (Docket Entry No. 27) is **DENIED**. Plaintiff is **ORDERED** to respond to defendants' assertions of qualified immunity by filing an amended complaint within twenty (20) days from the entry of this Memorandum Opinion and Order. Plaintiff's amended complaint shall set forth facts identifying each individual defendant's personal involvement in each alleged infringement of his constitutional rights and shall state with factual particularity why each individual defendant's actions were unreasonable in light of clearly established law. Plaintiff's amended complaint shall identify who did what to whom, when, where, and why -- although when "why" means the actor's state of mind, it may be averred generally. Fed. R. Civ. P. 8(a).

**SIGNED** at Houston, Texas, on this 7th day of July, 2006.

_____
SIM LAKE
UNITED STATES DISTRICT JUDGE

-25-